IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROL BURNETT PICKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:12-CV-113-WHA |
| | ) [WO] |
| DOLLAR GENERAL STORES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Montgomery Pre-Release Facility in Mt. Meigs, Alabama, alleges that she was falsely arrested and imprisoned on shoplifting charges in July 2011. The actions about which Plaintiff complains occurred in Huntsville, Alabama, which is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon its review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

**I. DISCUSSION**

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same

---

[1] Attached to Plaintiff's complaint is an affidavit in support of a request for leave to proceed *in forma pauperis*. This court makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

It is clear from Plaintiff's recitation of the facts that the actions challenged in the instant proceeding and about which she has personal knowledge occurred in the Northern District of Alabama. Moreover, it appears from Plaintiff's recitation of the facts that a majority of witnesses and evidence associated with this case are located in the Northern District of Alabama. Thus, the court concludes that, from the face of the complaint, the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.[2]

Thus, in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

---

[2] In so ruling, this court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before **March 6, 2012,** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 21st day of February, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE